OPINION OF THE COURT
Richard F. Braun, J.
This is an action for assault, battery, and negligence by Plaintiffs Martyn Merritt and Maryann Merritt against Defendants Elvin Ramos and Haight, Gardner, Poor & Havens. Defendant Elvin Ramos (Defendant) counterclaimed against Plaintiff Martyn Merritt (Plaintiff) for assault and battery. The complaint in this action was dismissed by Judge Leona Freedman of this court "in view of plaintiff’s attorney’s failure to comply with [her] conditional order of March 6, 1991.” She further imposed $500 costs to be paid by Plaintiff’s attorney to Defendants. A two-day nonjury trial of Defendant’s counterclaim was held before this court. Defendant now moves for sanctions against Plaintiff, pursuant to 22 NYCRR 130-1.1 and CPLR 8303-a.
Defendant was the managing clerk/supervisor of the managing attorneys’ department of a law firm, the other Defendant Haight, Gardner, Poor & Havens. Plaintiff was president of Ariel Maritime Group Inc. (AMG). On May 18, 1989, Defendant Ramos went to the office of AMG in order to serve legal process for an action in the United States District Court for the Southern District of New York, to which AMG was a party. Defendant attempted to serve Plaintiff with the process, but Plaintiff resisted the service, and pushed, shoved, kicked, and punched Defendant without legal justification. The employees of AMG restrained Plaintiff, and Defendant left the office of AMG.
Plaintiff caused Defendant to sustain a bruise near his elbow, a slight bruise and scratch on his left finger, and a small scratch on the left side of his leg. Furthermore, Defendant suffered emotional upset and a continuing feeling of apprehension from the incident. Defendant sought no medical attention or counseling for his injuries. Plaintiffs did not sustain any objective injuries from the incident.
The determination of Defendant’s counterclaim largely turned on the credibility of witnesses. The witnesses included Defendant; Plaintiff Maryann Merritt, who is the wife of Plaintiff; and Plaintiff by deposition transcript, as he was *271 incarcerated. Plaintiff was in Federal prison after having pleaded guilty in the United States District Court for the Southern District of New York to conspiracy to defraud the United States of America. Plaintiff’s sentence contained a substantial upward departure from the Federal sentencing guidelines. This court credited Defendant’s witnesses and discredited the testimony of Plaintiffs.
Plaintiffs actions constituted the commission of a battery upon Defendant. Defendant did not commit a battery upon either Plaintiff. Therefore, Plaintiff Martyn Merritt is liable to Defendant on his counterclaim of battery. Given the limited injuries to Defendant, Defendant is entitled to receive $250 in compensatory damages from Plaintiff Martyn Merritt.
Defendant raised a claim for punitive damages. Although the counterclaim does not specifically plead a request for punitive damages, it need not do so. Its pleading that Plaintiff acted "maliciously and wantonly” is sufficient to support the imposition of punitive damages (see, Werner, Zaroff, Slotnick, Stern & Askenazy v Lewis, 155 Misc 2d 558, 560-561 [Civ Ct, NY County 1992], and cases cited therein).
It has long been the law that punitive damages can be awarded for a battery, under appropriate circumstances (Connors v Walsh, 131 NY 590 [1892]). Plaintiff should be punished for his actions in committing a battery upon Defendant when he was acting lawfully in serving legal process because Plaintiff and others should be deterred from acting as Plaintiff did. A process server should not have to fear physical attack from the person being served when the process server is merely doing his or her job. In this all too violent society of ours, the message must be sent by the courts where appropriate in civil litigation that, except where there is legal justification, violence will not be tolerated; it will be punished.
The Court of Appeals has stated that "[p]unitive damages need bear no ratio to compensatory damages (Toomey v Farley, 2 NY2d 71).” (Hartford Acc. & Indem. Co. v Village of Hempstead, 48 NY2d 218, n 15 [1979].) In Toomey v Farley, the Court of Appeals let stand a punitive damages award to one of the plaintiffs in the amount of $5,000 where the compensatory damage award was only 6 cents, a ratio of 83,3331/3 to 1 (supra, 2 NY2d, at 77). Numerous trial courts have awarded amounts of punitive damages above compensatory damages or have allowed jury verdicts to that effect (see, e.g., Yokley v Henry-Clark Assocs., 164 Misc 2d 177 [Civ Ct, Kings County 1995] [where the amount of punitive damages was reduced to $1,000,000, in *272 relation to a compensatory damage verdict of $125,800, a ratio of about 8 to 1]; Way-Mar Cent. Alarms Co. v Famous Raincoat Co., NYLJ, Aug. 2, 1994, at 30, col 3 [Civ Ct, Queens County] [where the court awarded for one of the causes of action $10,000 in punitive damages and $360 in compensatory damages, a ratio of about 28 to 1]).
Imposition of an arbitrary limitation on the ratio of punitive to compensatory damages and/or on the amount of punitive damages would defeat the purposes of punitive damages: to deter the offender and others, and punish the offender "for gross misbehavior for the good of the public” (Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 203 [1990]). The instant case is a prime example of why there should not be an arbitrary limitation on the ratio of punitive to compensatory damages. For if there were a limitation, for example, of 2 to 1 or 3 to 1, then this court could only award punitive damages of $500 or $750. That would be a meaningless message to most offenders, particularly to a corporate officer such as Plaintiff. An arbitrary cap on the amount of punitive damages that can be awarded would lead to a serious restriction on the effect of a punitive damage award against certain wealthy individuals or large business entities.
Punitive damages in a sufficiently large amount must be awarded against Plaintiff to effectuate the goals of the imposition of such damages under the circumstances here. Therefore, punitive damages in the amount of $10,000 are imposed against Plaintiff.
Sanctions pursuant to CPLR 8303-a and 22 NYCRR 130-1.1 may be awarded for frivolous behavior, as defined therein. Defendant has not clearly shown that the actions of Plaintiffs and their attorney were frivolous, and this court is not convinced that the evidence at trial demonstrated that they acted frivolously. Although Plaintiff’s attorney has been chastised and sanctioned by other courts in the past, Defendant has not sustained his burden of showing that the attorney has acted frivolously in prosecuting this action. Therefore, the motion for sanctions must be denied.